UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 JUN 12  A 11: 59

| | |
|---|---|
| **Patricia Harris,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 2:09-CV-555.? |
| ) | **Plaintiff Demands Jury Trial** |
| **Countrywide Home Loans, Inc.,** a foreign ) | |
| corporation, **Equifax Information Services, LLC,** ) | |
| a foreign limited liability company, and **Experian** ) | |
| **Information Solutions, Inc.,** a foreign corporation, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA") and state common law causes of action.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory

Page 1

relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Patricia Harris (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Montgomery County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Countrywide Home Loans, Inc. (hereinafter referred to as "Countrywide" or "Defendant") is a foreign corporation licensed to furnish credit to consumers within the State of Alabama.

5. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the State of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6. Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing

Case 2:09-cv-00555-SRW   Document 1   Filed 06/12/09   Page 3 of 17

information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference herein paragraphs one (1) through six (6).

8. Sometime prior to 1996, Plaintiff and her then-husband Curtis Hall executed a Mortgage with Countrywide Home Loans, Inc. for property located at 4736 Valerie Circle in Montgomery, Alabama.

9. On April 20, 1996, a Final Decree of Divorce was entered between Plaintiff and Curtis Hall. Incorporated within this divorce decree was a Memorandum Agreement dated March 15, 1996 which awarded "all real property which the parties accumulated during the marriage, being a homeplace known as 4736 Valerie Circle, Montgomery, Alabama" to the husband who was to assume all indebtedness thereon.

10. Subsequently, on August 13, 1997, Plaintiff filed for chapter 13 bankruptcy relief under Title 11 of the United States Bankruptcy Code. Approximately one (1) year later, Plaintiff filed a Notice of Conversion from Chapter 13 to Chapter 7. Likewise, on February 1, 1999, Plaintiff received her Discharge of Debtor order.

11. Because Plaintiff's bankruptcy case was a "no asset" case and/or Plaintiff scheduled Countrywide within such voluntary petition, Plaintiff's personal liability on such indebtedness was discharged as of the date of the aforesaid order.

12. Notwithstanding, Countrywide continues to represent to Equifax and Experian that Plaintiff is indebted to Countrywide for the sum of approximately $54,000.

13. Both Equifax and Experian represent that Plaintiff owes this same sum to Countrywide. However, Equifax reports this account within its "Negative Accounts" section as being in foreclosure.

14. Subsequent to obtaining knowledge of such false and inaccurate reporting, and in accordance with the Fair Credit Reporting Act, Plaintiff submitted written correspondence to Countrywide (March 26, 2009), Equifax (April 14, 2009) and Experian (April 14, 2009) disputing her indebtedness on such account and, in addition, provided to each Defendant a copy of both her Final Decree of Divorce and Discharge of Debtor order.

15. Countrywide has failed and/or refused to respond to Plaintiff's dispute regarding such indebtedness.

16. Equifax responded however such response was inadequate in that it merely stated "[t]hank you for requesting your credit file, commonly called a Consumer Credit Report." Such correspondence failed to address Plaintiff's dispute and, in addition, failed to indicate within Countrywide's trade-line entry that Plaintiff had disputed the account.

17. Likewise, Experian's response was inadequate in that it stated it could not use the documents provided by Plaintiff and, furthermore, that a divorce decree "may not affect your contracts with creditors ... ." However, Experian failed and/or refused to acknowledge the Discharge of Debtor order and/or reflect within Countrywide's trade-line entry that Plaintiff had disputed the account.

18. Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

  a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[1]

  b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

    (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

    (ii) the information is, in fact, inaccurate."

  c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

    (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    (B) has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the</u>

---

[1] As indicated herein, Plaintiff disputed the validity of such indebtedness thus placing Defendants on notice of the false and inaccurate information.

<u>agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

19. In addition, Defendants are aware of and understand they must follow 1681i which states:

   (a) Reinvestigations of Disputed Information

      (1) Reinvestigation Required

         (A) *In general.* Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

         . . .

      (2) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) *Provision of other information.* The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(3) Determination That Dispute Is Frivolous or Irrelevant

(A) *In general.* Notwithstanding paragraph (1), a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer under that paragraph if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.

(B) *Notice of determination.* Upon making any determination in accordance with subparagraph (A) that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the agency.

(C) *Contents of notice.* A notice under subparagraph (B) shall include

(i) the reasons for the determination under subparagraph (A); and

(ii) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.

(4) *Consideration of consumer information.* In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

(B) Requirements Relating to Reinsertion of Previously Deleted Material

(i) *Certification of accuracy of information.* If any information is deleted from a consumer's file pursuant to subparagraph (A), the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.

(ii) *Notice to consumer.* If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency.

(iii) *Additional information.* As part of, or in addition to, the notice under clause (ii), a consumer reporting agency shall provide to a consumer in writing not later than 5 business days after the date of the reinsertion

(I) a statement that the disputed information has been reinserted;

      (II) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information; and (III) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information.

20. Defendants have failed to follow each and every provision of 15 U.S.C. Section 1681i.

21. Defendants know that reporting such false and inaccurate information will defame Plaintiff each time her credit reports are accessed. Because Plaintiff's credit reports have been accessed since such reporting, the aforesaid false information has been published to third parties.

22. Defendants' actions were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

23. The actions, omissions, misrepresentations, and violations of the FCRA and state law of Defendants, regarding Plaintiff's alleged indebtedness, as described herein, constitute harassment, defamation, invasion of privacy, negligence and the intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of

which Plaintiff will in the future continue to suffer.

24. Defendants Equifax and Experian have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish, and continue to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

25. Indisputably, based upon the sheer volume of factually identical actions, Defendants Equifax and Experian should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

26. The intentional, reckless, and willful violations of the FCRA and state law of Defendants Equifax and Experian have proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE**
**ALL DEFENDANTS**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. ☐ 1681, *et seq.***

27. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-six (26).

28. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a) By willfully and/or negligently failing, in the preparation of the consumer

reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

b)  By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

c)  By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

c)  Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

d)  Invading the privacy of Plaintiff; and

e)  Failing in their duty to prevent foreseeable injury to Plaintiff.

29. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

30. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual, compensatory, and statutory damages, if applicable punitive damages, and costs and

attorney's fees under the FCRA.

## COUNT TWO
## DEFENDANT COUNTRYWIDE
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

31. Plaintiff incorporates herein by reference paragraphs one (1) through thirty (30).

32. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

33. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT THREE
## ALL DEFENDANTS
## INVASION OF PRIVACY

34. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-three (33).

35. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

36. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiff.

37. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FOUR
### ALL DEFENDANTS
### DEFAMATION

38. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-seven (37).

39. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

40. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

41. The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

42. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FIVE
### ALL DEFENDANTS
### INTENTIONAL MISREPRESENTATION

43. Plaintiff incorporates by reference herein paragraphs one (1) through forty-two (42).

44. Defendants intentionally and maliciously misrepresented material facts in that they falsely represented to others that Plaintiff owes money on a discharged account.

45. Defendants intend that those who review the credit reports of Plaintiff will rely upon the

misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

46. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

47. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANT COUNTRYWIDE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff incorporates by reference herein paragraphs one (1) through forty-seven (47).

49. Defendants' conduct, as described herein, was reckless and / or intentional, and performed with disregard for the rights of Plaintiff.

50. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional, mental and physical distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## ALL DEFENDANTS
## DECLARATORY AND INJUNCTIVE RELIEF

51. Plaintiff incorporates herein by reference paragraphs one (1) through fifty (50).

52. A dispute exists as to whether Defendants have violated the FCRA or state law.

53. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

54. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

55. Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff statutory damages where applicable;

e)  Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)  Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)  Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 12th day of June, 2009.

/s/ Anthony Brian Bush (BUS028)
Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:      (334) 263-7733
Facsimile:  (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

COUNTRYWIDE HOME LOANS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109